UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 11-25-DLB-JGW**

**DONNA BLACK**   **PLAINTIFF**

vs.   **MEMORANDUM OPINION &ORDER**

**JOHN/JANE DOE EMPLOYEE, ET AL.**   **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Medicare's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. # 14). Plaintiff Donna Black has not filed a brief in opposition and the time to do so has now expired.[1] Accordingly, the motion is now ripe for review. For the reasons set forth below, Defendant's motion is **granted**, Medicare[2] is **dismissed**, and this action is **remanded** to Campbell County Circuit Court.

**I.**   **Background**

Plaintiff Donna Black alleges that she slipped and fell on oil in the parking lot of an AutoZone store in Newport, Kentucky on August 23, 2010. (Doc. # 1-7 at 2 ¶ 6). She filed this suit on January 20, 2011 in Campbell County Circuit Court against John/Jane Doe

---

[1] Pursuant to Local Rule 7.1(c) "[f]ailure to timely respond to a motion may be grounds for granting the motion." Though Plaintiff has not filed a response, the Court will address the merits of Defendant's Motion to Dismiss.

[2] Plaintiff sued "Medicare." The proper defendant is Kathleen Sebelius, the Secretary of the U.S. Department of Health and Human Services. *See* 42 C.F.R. § 405.1136(d). The regulation permits a plaintiff who names the agency, instead of the Secretary, to later name the Secretary. *Id.* The Court need not address this in dismissing Defendant Medicare, aside from noting that this Memorandum Opinion & Order refers to Defendant as "Secretary."

1

Employee, AutoZone Stores, Inc., Medicare, and Medicaid. (Doc. # 1-7). Plaintiff's Complaint contends that the unidentified employee and AutoZone were negligent in failing to clean up, or warn the public about, the oil in the parking lot, and as a result Plaintiff fell and suffered (possibly permanent) injuries. (Doc. # 1-7 at 2-5).

Plaintiff also sued Medicare contending that it "should pay, did pay or may have paid some of Plaintiff's medical bills from the instant accident." (Doc. # 1-7 at 6 ¶ 37). Accordingly, it alleges that Medicare "is or may be subrogated" to part of Plaintiff's claims against Defendants and "should be required to continue to pay their obligation and/or assert their interests or otherwise be forever barred from doing so as to any party hereto." (Doc. # 1-7 at 6 ¶ 38). The Secretary timely removed this case to federal court pursuant to 28 U.S.C. § 1442(a)(1) and now moves to dismiss for lack of subject matter jurisdiction. (Docs. # 1, 14).

## II. Analysis

### A. Lack of Subject Matter Jurisdiction

Plaintiff's demands against the Secretary are ambiguous. At first glance, Plaintiff appears to request a Court Order requiring the Secretary to continue paying Plaintiff's medical bills. But, as the Secretary points out, Plaintiff has not alleged that Medicare has ever refused to pay any health benefits. (Doc. # 14 at 5). Instead, the essence of Plaintiff's claim against the Secretary is that Medicare "is or may be subrogated to a portion of the Plaintiff[']s claims against Defendants John/Jane Employee and Defendant AutoZone and should be required to . . . assert their interests or otherwise be forever barred from doing so as to any party hereto." (Doc. # 1-7 at 6 ¶ 38). Though not specified, Plaintiff presumably refers to the Secretary's right to be reimbursed for conditional payments made

2

on Plaintiff's behalf. 42 U.S.C. § 1395y(b)(2)(A)-(B); 42 C.F.R. § 411.24(e)-(h).

Conditional payments are those made by Medicare for which another payer is responsible. 42 C.F.R. § 411.21. In this case, the other payer would most likely be a primary payer, defined as "any entity that is or was required or responsible to make payment with respect to an item or service (or any portion thereof) under a primary plan." *Id.* A primary plan, in turn, is "a group health plan or large group health plan, a workers' compensation law or plan, an automobile or liability insurance policy or plan (including a self-insured plan), or no-fault insurance." *Id.* Proof that it is a "primary plan's responsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." 42 U.S.C. § 1395y(b)(2)(B)(ii).

If the Secretary determines that Medicare made a conditional payment (i.e., a payment on behalf of Plaintiff for which another payer is responsible), she will issue Plaintiff an initial determination identifying the amount to be reimbursed to Medicare. 42 U.S.C. § 1395ff(a). If Plaintiff disagrees with the Secretary's initial determination, she may initiate an administrative appeals process. 42 U.S.C. § 1395ff(b). Only after that appeals process is exhausted and the Secretary has issued a "final decision" may Plaintiff file a claim in federal court.

In her Motion to Dismiss, the Secretary explains that the administrative procedure required by Medicare's Secondary Payer (MSP) statute has not been initiated in this case, which is fatal to Plaintiff's request for judicial review (Doc. # 14 at 6):

> Plaintiff is still adjudicating her tort claims against the alleged tortfeasors. She has not received a judgment, award, or settlement. The Secretary has not made an initial determination regarding whether Plaintiff has to reimburse the Medicare Trust Fund because it has not yet been demonstrated that an entity has responsibility for primary payment. . . . Therefore, Plaintiff cannot have presented her claims to the Secretary for administrative review . . . .
>
> Even if Plaintiff had received an initial decision and presented her claims to the Secretary, they are barred by 42 U.S.C. § 405(h) because Plaintiff has not received a final decision from the Secretary.

Plaintiff is prohibited from having findings of fact or decisions of the Secretary reviewed "by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).[3] This bar to federal jurisdiction has an exception, 42 U.S.C. § 405(g), which provides for judicial review "after any final decision of the [Secretary] made after a hearing." *See Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 10 (2000) (observing that "[s]ection 405(h) purports to make exclusive the judicial review method set forth in § 405(g)"); *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) (applying § 405(g) to Medicare and determining that it is "the sole avenue for judicial review of all 'claims arising under' the Medicare Act") (quoting 42 U.S.C. § 405(h)). In sum, "[t]he Medicare statute requires that any lawsuit which seeks 'to recover on any claim arising under' it must first be brought through the Department of Health and Human Services' administrative appeals process before it can be taken to federal court." *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 778-79 (11th Cir. 2002) (citing 42 U.S.C. § 405(h)).

Here, Plaintiff has neither received an initial determination from the Secretary nor completed any of the subsequent steps necessary to receive a final decision. In fact, Plaintiff does not even allege that the Secretary has demanded, or will demand,

---

[3] Under 42 U.S.C. § 1395ii, the limitation in 42 U.S.C. § 405(h) is applicable to Medicare.

reimbursement for any payments made on his behalf.  Whether the Secretary will seek reimbursement, and if so, how much, can only be reviewed by a federal court after Medicare's administrative procedure has been exhausted.  This is the "channeling mechanism" required by the Medicare Act.  *Truett v. Bowman*, 288 F.Supp.2d 909, 911 (W.D. Tenn. 2003).  That Medicare may, in the future, seek reimbursement of conditional payments made on Plaintiff's behalf does not bestow on Plaintiff a right to circumvent § 405(h)'s jurisdictional bar.  Because the Court lacks subject matter jurisdiction over Defendant Secretary pursuant to 42 U.S.C. § 405(h), Defendant's Motion to Dismiss is **granted**.[4]

### B. Sovereign Immunity

Alternatively, the doctrine of sovereign immunity also compels dismissal of the Secretary.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)).  The "terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit."  *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted).  Further, any such "waiver

---

[4] This conclusion is also mandated by this Court's recent holding in *Hicks v. Chamberlain*, No. 2:10-CV-144-DLB-JGW, 2010 WL 4226698 (E.D.Ky. Oct. 22, 2010), which addressed a nearly identical scenario.  That Order pointed to a series of cases addressing the same issue and reaching the same conclusion.  *See Madden v. Wagers, et al.,* No. 6:08-CV-318-GFVT (E.D. Ky. Jan. 12, 2009); *Gobrecht v. McGee*, 249 F.R.D. 262, 263 (N.D.Ohio 2007); *Walters v. Leavitt*, 376 F.Supp.2d 746, 755-56 (E.D.Mich. 2005); *Truett*, 288 F.Supp.2d at 911-12; *Estate of Barbeaux v. Lewis*, 196 F.Supp.2d 519, 521-22 (W.D.Mich. 2002).  Plaintiff has offered no authority to contradict this case law or in support of maintaining the Secretary as a party to this suit.  Indeed, Plaintiff has not even filed a brief opposing the Secretary's Motion to Dismiss.

of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.*

In this case, Plaintiff bears the burden of establishing that the Secretary has waived sovereign immunity. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (citing *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980)). Far from meeting this burden, Plaintiff neither alleged in her Complaint that the Secretary waived sovereign immunity nor filed any subsequent briefing arguing it. (Doc. # 1-7). As noted *supra* note four, the Court was recently faced with the same issue it now faces. In that case, the Court found sovereign immunity as an alternative basis to dismiss the Secretary. Similarly, here, the Court alternatively **dismisses** Defendant Medicare from this lawsuit on the basis of sovereign immunity.

### C. Remand to Campbell County Circuit Court

The Secretary removed this action pursuant to 28 U.S.C. § 1442(a)(1). That statute permits removal by "[t]he United States or any agency thereof or any officer." The Secretary has now been dismissed and the Court has no independent basis of jurisdiction over the remaining claims or Defendants. Once the federal party has been "dismissed from [a] case which has been removed under [the] rule permitting removal of suits brought against officers or agencies of [the] United States, a federal district court has the power either to adjudicate remaining state claims or remand to state court." *Estate of Guzik ex rel. Guzik v. Mahmud*, No. 09-CV-0657, 2009 WL 1844317, at *1 (W.D.Pa. June 26, 2009); *see also*, *Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir. 1974); *Gulati v. Zuckerman*, 723 F.Supp. 353 (E.D.Pa. 1989); *Peroff v. Manuel*, 421 F.Supp. 570 (D.D.C. 1976). Because

Plaintiff's choice of forum was state court and there have been no significant proceedings in federal court—with the exception of this Order—the Court declines to retain jurisdiction over the remaining Defendants and **remands** the matter to the Campbell County Circuit Court.  *See Estate of Guzik*, 2009 WL 1884317, at *1 (citing factors to consider in determining whether to remand to state court); *Gen. Motors Corp. v. Hirschfield Steel Serv. Ctr., Inc.*, 402 F.Supp.2d 800, 808 (E.D.Mich. 2005) (same).

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that:

1. Defendant Medicare's Motion to Dismiss (Doc. # 14) is **GRANTED**;

2. This action is **REMANDED in its entirety** to the Campbell County Circuit Court from which it was removed; and

3. This case is **STRICKEN** from the Court's active docket.

This 2nd day of May, 2011



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\Covington\2011\11-25 MOO Dismiss Medicare.wpd